I love it. I am so stupid! Who can skip that rap? Next case is Zhang C. Rubber v. The United States, 2019-14-21. Ms. Salzman. Yes. May it please the court, my name is Alexandra Salzman, counsel to the appellant. This case arises out of the dismissal of our case before the Court of International Trade due to failure to exhaust administrative remedies, namely the non-filing of an administrative case brief. Congress specifically chose not to mandate that exhaustion of administrative remedies. It's not an absolute requirement, rather it's left to the discretion of the court. We understand there's a strong interest in normally requiring exhaustion, but the lower courts still abuse that discretion by treating this discretionary doctrine, purposely discretionary doctrine, as an inflexible black-letter law, rather than following the intention of considering the full circumstances and the reasons behind the requirement. Our case law is pretty clear that if you don't raise a particular issue in a case brief, then you can't raise it on appeal. Well, that's the basic principle behind exhaustion, but in this case, there was no case brief filed at all. That's correct. So you have a hard road ahead. We knew that we took this client after their former counsel did not file their case brief below, but it was difficult. I mean, you're trying to argue the futility doctrine, but futility is incredibly narrow. Yes. Can you tell us circumstances where the CIT has actually approved non-exhaustion because of futility, and how they compare here, because I don't know of anything that's even close. I would not direct the court to futility in this analysis, I would direct the court to pure law and all of the reasons behind the requirement for exhaustion. I mean, that's just too much. I mean, almost all these trade cases involve legal questions in some sense, and it has to be connected in some way that it's a legal question that can't be passed on by commerce, or it is futile for commerce to pass on. Otherwise, that legal question doctrine would swallow up a huge swath of the exhaustion doctrine. I mean, the fundamental basis, I know you know you have a very hard case, the fundamental basis is the agency should get to decide the issue in the first instance, and I don't see any reason why you shouldn't have presented your arguments here to the agency. So the reason that we looked at pure law here, and saying that it should be a very narrow application here, that we do have a very narrow application, this is not a case like a methodological question in anti-dumping, or a surrogate value decision, where we're applying a lot of facts and mixed issues of law and methodology, we have a very small set of facts here. Sure, but why shouldn't commerce still get a pass on the propriety of whether it would have allowed to excuse your late submission or not? I mean, that seems to be, even if you frame it as a legal question, something that commerce should get a pass on, not the courts for the first time. We would argue that they did get a pass at it. In the IDM, when you look at, they considered all of the issues in that. They based AFA decision on this narrow set of facts. They could have changed their mind if you had filed a case brief. That's a potential opportunity, aspect that could have happened. Isn't that what dooms your, you know, exception to exhaustion argument, that they could have changed their mind?  I'm sorry. It's pure law exception is not, you know, and other exceptions to the exhaustion doctrine. Can you give me examples? I'm sorry. I keep interrupting you too, but I get to do that. Yes, you do. Can you give me any example where the trade court has allowed non-exhaustion on a pure legal doctrine that's anywhere close to analogous like this? What kinds of examples do you have? I mean, AgroDutch was our closest case as far as, I mean, that was different because it wasn't an entire case brief. It was an aspect of the case brief where they determined that they could still bring an issue that was not raised because it was a pure question of law. And here, I mean, we consider this. Was that the case where the commerce reasoning came up, though, for the first time in its final determination? No, they don't. I mean, that's a different exception as well when it comes up. Right, I mean, that makes sense. You don't have that here. Right. No, we don't have that here. And at least in that case, you filed it. They filed a case brief. Right, but not on those issues. I mean, we had one issue that wasn't raised, but it was one issue alone that was a problem in this case. And again, I mean, we keep trying to bring back the fact that the reason we require exhaustion, which you keep bringing up, Judge Hughes, and we agree, is that we want the agency to And the point is that the agency did consider this. When they didn't not consider applying AFA, they did. They looked at whether Zongzi had filed a no-sales cert, and they did, and looked at the contrary information later and said, that's grounds for AFA. So our question before the court below, the merits that we didn't get to, was whether that is, that's legal. So commerce did consider that fact, and that's why we're looking at the pure law case here and looking at- Initial determinations, though, they make decisions, and they have considered the initial arguments, but you're still required to file a case brief challenging those initial determinations. I don't see how we rule for you here without basically, you know, eviscerating the exhaustion requirement. I mean, this, again, when exhaustion, when the court determines that exhaustion is not required, it's a very narrow set of facts. It's not opening up a floodgate of situations. We have a very narrow situation here where commerce did directly consider whether we should apply AFA. I mean, the real narrow situation is that the prior counsel made a mistake and cost your client a lot of money, probably, and I don't know that that's a basis for exhaustion or non-exhaustion. But yeah, an aspect of when the court has discussed why exhaustion is required, on the one side, we have the agency making the decision in the first place, which we would argue they have made the decision in the first place on clear facts that everyone knows, and on the other side, we're also looking at the unjustness on the other side, which is what you were just starting to get at, like the U.S. importers owe $15 million because of what we would argue is a harmless error in this case. So you have a great amount of injustice on one side. If Zongzi had done absolutely nothing in this case, the U.S. importers would be owing $2 million instead of $17 million. So this small error that happened early on in the case is resulting in a grave injustice, and that needs to still be considered in the institutional interest that Commerce has in the writing of a case brief. And we'd say that institutional interest is particularly small in this case, unlike a situation... You did file a supplemental question, right? Yes. That's where... So Commerce put on the CBP data that showed Zongzi did have information and then issued a supplemental questionnaire about it, where Zongzi looked in their information and confirmed that not all of their sales were... Was that filing part of the record? Yes. It is? It is. I can give you the page if that's helpful. But the... But that filing was untimely, right? No, that filing was timely.  The explanation of why you were late, or why you didn't do it initially. Yes. Yes. Later their counsel tried to explain why they had an issue. You want to portray this as a small error, but how does Commerce know that? I mean, Commerce has a strong interest in having all of its procedures followed. I mean, that's why they use AFA in some circumstances like this. And maybe it was an oversight when you said, we didn't have any sales, and we did, but there's other explanations not so benign for not reporting sales. And so if you had a benign explanation and you didn't come forward with it in a timely manner, then isn't Commerce entitled to go forward? Again, you should have raised all these arguments in a case brief. One point is that the Commerce, when they get a no-sales certification, antidumping or countervailing, Commerce never takes it at face value. It is normal Commerce practice in all their cases to put CBP data on the record and examine, is that true? They don't just rescind a review based on that certification. They always go through the process, which is why we characterize it as a harmless error. Because one, the error was corrected early on, and two, that's never the basis alone of a no-sales certification. The review was never going to be rescinded on that error alone. It would have had to have been empty in the CBP data as well. So that's a normal procedure that Commerce goes through in no-sales. And again, looking at whether they got to consider this issue, they did consider those two facts, that there was no sales and then that this was corrected later, and determined that that alone was enough for AFA. And that's a legal question, a very narrow legal question, that they've already examined. I'm not doubting that this would be a much better situation if there had been a case brief filed. But this exception, weighing the smaller institutional interest in this case, it's not a big complicated issue that they never considered. It's not like they didn't consider a methodology or a surrogate value. This was absolutely considered with the facts clear and undisputed. So the agency did get to exercise its expertise. And then on the other side, to weigh the fact that this $15 million are owed for what we characterize again as a harmless error. And another consideration we thought should have been considered is the fact that they had now four counsel with us throughout the review, leading to this misunderstanding that those circumstances need to be considered. And with that, I will leave the remainder of my time for rebuttal. We will save it for you. Thank you. Ms. Akers? May it please the court? The court should affirm the dismissal of Zongxi's complaint for failure to exhaust administrative remedies because Zongxi admits that it didn't exhaust those remedies. And the only reason that it gave to the trial court was that it didn't believe that it had to, the futility exception, which is the exact reason and rationale that this court has previously rejected many times. This court has clearly stated that even though an adverse decision may have been likely, a party is not excused of their exhaustion requirements. And that's what Zongxi put forth to the trial court here. And Zongxi has put forth nothing to this court that explains how the trial court abused its discretion in following this court's clear precedent. Zongxi's counsel today says that Commerce already had the opportunity to consider these issues. But I would point the court to the complaint that Zongxi filed with the trial court. Zongxi argues not only the AFA question, but also that it should be given an all others rate and also that the court erred in concluding that the submission was untimely. So Zongxi raises far more issues at the trial court than were ever considered by Commerce at the administrative level. And as your honors noted, because Commerce didn't have the first opportunity to speak on these issues, it would be improper for the trial court to now hear the issues in the first instance without having the benefit of the agency's expertise and the full record before it. So if your honors have no further questions, we'll cede the remainder of our time. Thank you. Ms. Salzman has provable time. Thank you. Not much to rebut, but your time. I just want to make a couple quick points. We did not just raise the futility argument before the court, as I said. We raised the pure law and again pointed to under the circumstances part. And that's where we get to the abuse of discretion here, is that the lower court only viewed those two narrow exceptions with also having mistaken facts when it reviewed those. One with the supplemental brief, we could never have raised additional information in a case brief. And two, misunderstanding really what was at issue with AFA here. AFA decisions are usually a huge factual consideration. Here it's not. It's a very narrow consideration. So we'd say both of those issues were a misunderstanding in discussing those exceptions, but the bigger issue throughout our briefing is the fact that it's under the circumstances of whether this should be required. And that's what was not considered was the breadth of the circumstances here. Counsel to the DOJ raised that there were things that the Congress did not get to consider, but we did not appeal the untimely submission of their explanation. We did not raise that as an issue that they should have accepted it. We're not bringing that before the agency. We're also not bringing the level of AFA rate itself. The only issue on the merits that we're bringing before the court is whether it's appropriate to apply AFA when a company filed a no-sales certification that was subsequently corrected. And that issue was addressed by the agency. And so now we find ourselves in an area of pure law with that question. And so we would ask that this court should find that the lower court abused its discretion in requiring exhaustion under these particular circumstances because they failed to examine the full circumstances and misunderstood some key facts. So we ask that this court remand to the lower court to actually decide on the merits of this case. Thank you, counsel. The case is submitted.